UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LUIS ANGEL COLON, )
)
        Plaintiff, ) Case No. 1:09-cv-28
)
v. ) Honorable Robert Holmes Bell
)
COMMISSIONER OF )
SOCIAL SECURITY, )
) **REPORT AND RECOMMENDATION**
        Defendant. )
_____ )

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. On December 21, 2004, plaintiff filed his applications for DIB and SSI benefits alleging a January 1, 2000 onset of disability.[1] (A.R. 79-81, 223-25). Plaintiff's claims were denied on initial review. (A.R. 28-33, 219-22). On January 18, 2007, plaintiff received a hearing before an administrative law judge (ALJ). (A.R. 633-75). On March 26, 2007, the ALJ issued a decision finding that plaintiff

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009)*; see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, January 2005 is plaintiff's earliest possible entitlement to SSI benefits.
    On May 12, 2005, plaintiff was sentenced on a felony conviction for attempting to file a false report of a felony in violation of Mich. Comp. Laws § 750.411a(1)(b). (A.R. 92). He is not eligible to receive social security benefits for any months he was confined in a jail, prison, or correctional facility. 42 U.S.C. § 402(x)(1)(A).

was not disabled. (A.R. 17-27). On November 13, 2008, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

On January 12, 2009, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claims for DIB and SSI benefits. The issues raised by plaintiff are as follows:

1. The ALJ erroneously found that plaintiff could perform his past relevant work and other light-duty work;

2. The ALJ committed reversible error by not finding that plaintiff met the requirements of listing 3.02; and

3. The ALJ committed reversible error when he failed to use Rule 201.09 of the Medical-Vocational Guidelines to direct a finding of disability.

(Statement of Errors, Plf. Brief at 7, docket # 10). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the

evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of January 1, 2000, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after January 1, 2000. (A.R.

19). The ALJ found that plaintiff had the following severe impairments: "asthma and tobacco abuse." (A.R. 19). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 21). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. He can climb ramps and stairs occasionally. He must [avoid] concentrated exposure to extreme cold, fumes, odors, dusts, gasses, and environments with poor ventilation.

(A.R. 21-22). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible:

> [W]hile the record does show exacerbations of asthma requiring medical treatment, there is a question regarding his compliance. The record shows that the claimant [was] not [] compliant with instructions to stop smoking until October 2006, even though he was told that his condition could not be controlled unless he stopped. [A.R. 280, 282]. He also has a history of not taking medications prescribed for his asthma. His treating physician has opined that his asthma is uncontrolled due to lack of medication, which is consistent with most emergency room visits resulting from running out of his medication. He has also missed appointments for follow-up treatment.
>
> Furthermore, physicians of record have opined that the claimant is capable of working. In September 2003, the claimant's physician urged him to continue looking for work. In March 2006, Dr. Barias completed a medical assessment indicating that the claimant [could] perform light work. [A.R. 531-33]. The undersigned notes that in June 2005, Dr. Barias opined that the claimant [could] lift or carry 10 pounds occasionally and less than 10 pounds more frequently. He [could] stand or walk less than two hours in an eight-hour workday. He had no other limitations. Yet, on the same day, he provided a work restriction which restricted the claimant to no bending at the trunk and no exposure to dust or powdered chemicals. He could not wear a mask due to asthma. The doctor noted these restrictions were for six months (Exhibit 13F, pp 21, 22; and 14F)[A.R. 452-53, 508, 511]. Therefore, the undersigned finds that the July and August 2005 restrictions were temporary and did not last 12 months and the most recent functional capacity [assessment] completed by Dr. Barias [A.R. 531-33] to be the most consistent with the record as a whole.

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(A.R. 25-26). The ALJ found that plaintiff was not disabled at Step 4 of the sequential analysis[2] because he was capable of performing his past relevant work as a packager. (A.R. 21-28).

**1.**

Plaintiff argues that the ALJ committed reversible error when he found that plaintiff was capable of performing his past relevant work. (Plf. Brief at 7-10). Upon review, I find no error. There is more than substantial evidence supporting the ALJ's finding that plaintiff retained the RFC for a limited range of light work. (A.R. 21-26). The ALJ gave controlling weight to plaintiff's treating physician's opinion that plaintiff was capable of performing light work:

> Consideration has been given to the March 2006 opinion of Dr. Barias finding the claimant can do light work (Exhibit 18F)[A.R. 531-34]. Social Security Ruling 96-2[p] provides that if a treating source's opinion is well-supported and is consistent with the other substantial evidence of record, it is given controlling weight. Therefore, as the record indicates, the opinion of Dr. Barias is accorded controlling weight.

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

(A.R. 26). The VE testified that plaintiff's past relevant work as a packager was light work. (A.R. 668). Plaintiff presented no contrary evidence. The ALJ's decision finding that plaintiff was not disabled at Step 4 of the sequential analysis is supported by more than substantial evidence.

**2.**

Plaintiff argues that the ALJ committed reversible error by not finding him disabled at Step 3 of the sequential analysis. He argues that the results of pulmonary function tests recorded on July 21, 2005, by a respiratory technician (A.R. 403) establish that he met the requirements of listing 3.02. (Plf. Brief at 10-11). Dinesh D. Tanna, M.D., found that the July 2005 tests were not a medically acceptable measure of plaintiff's pulmonary function. (A.R. 391). The ALJ found that Dr. Tanna's expert opinion was persuasive:

> The claimant underwent a consultative examination at the request of the Administration on July 21, 2005. Examination revealed audible wheezing. He was not using his accessory muscles for respirations. He had coarse breath sounds bilateral[ly] with diffuse wheezes on auscultation. Pulmonary function studies were performed. Although the claimant made good effort, he kept coughing through the testing (Exhibit 10F)[A.R. 400-06]. Therefore, the reviewing state agency physician indicated that the testing was not acceptable due to the claimant's coughing and wide variance (Exhibit 7F)[A.R. 390-91].
>
> * * *
>
> On June 20, 2006, the claimant was evaluated by Gregory Sandman, M.D., a pulmonologist. Pulmonary function tests revealed a forced expiratory volume of 1.9 or 63% of normal. There was no evidence of emphysema. His flow volume loop was unremarkable. These studies were consistent with mild obstructive airway disease. He was instructed to stop smoking as they would not be able to control his asthma and bronchitis as long as he smoked (Exhibit 19F)[A.R. 535-39].

(A.R. 24-25). The ALJ's decision to give little weight to the July 2005 tests is supported by more than substantial evidence.

Even assuming *arguendo* that the July 2005 tests were a medically valid measure of plaintiff's level of functioning, plaintiff would nonetheless fall short of satisfying the stringent requirements of listing 3.02. A claimant must show that he satisfies all the individual requirements of a listing. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). "If all the requirements of the listing are not present, the claimant does not satisfy that listing." *Berry v. Commissioner*, 34 F. App'x 202, 203 (6th Cir. 2002). "It is insufficient that a claimant comes close to satisfying the requirements of a listed impairment." *Elam*, 348 F.3d at 125. Plaintiff did not satisfy the 12-month durational requirement because his June 20, 2006 pulmonary function tests, administered less than one year later, produced forced expiratory volume (FEV1) values that were significantly higher than the those necessary to meet the requirements of listing 3.02(A).[3] 20 C.F.R. § 404, Subpt. P, App. 1, § 3.02(A); *see White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009). Plaintiff did not meet Part B of the listing because his forced vital capacity (FVC) exceeded the levels necessary to establish disability.[4] I find no error.

**3.**

Plaintiff's argument that the ALJ committed reversible error when he failed to use Rule 201.09 of the Medical-Vocational Guidelines to direct a finding that he was disabled (Plf. Brief

---

[3] Plaintiff's height was generally recorded as 56 inches. (A.R. 229, 234, 238, 250). His highest FEV1 value was 1.93 liters. (A.R. 537). He could not meet the requirements of this listing unless his FEV1 was at or below 1.25 liters. 20 C.F.R. § 404, Subpt. P, App. 1, § 3.02(A).

[4] On July 21, 2005, plaintiff's highest FVC was 1.7 liters. (A.R. 403). On June 20, 2006, his highest FVC was 3.04 liters. (A.R. 537). Plaintiff needed a FVC at or below 1.45 liters to satisfy Part B. 20 C.F.R. § 404, Subpt. P, App. 1, § 3.02(B).

at 11-12) is meritless. Rule 201.09 only applies to individuals limited to sedentary work. The ALJ found that plaintiff retained the RFC for a range of light work. (A.R. 21-26).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: March 11, 2010          /s/ Joseph G. Scoville
                                       United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).